UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

IN RE:                         *        CHAPTER 13

WILLIAM LAMAR ASH              *
TERRI N. ASH,                  *        CASE NO. 09-32117
    Debtors.                   *

## CHAPTER 13 PLAN

1. The future earnings of the debtor(s) are submitted to the supervision and control of the trustee and the debtor(s) (or the debtor's(s') employer) shall pay to the trustee the sum of **$1,100.00 bi-weekly. Debtors request Deduction Order be sent to Athens Regional Medical Center.**

2. From the payments so received the trustee shall make disbursements as follows:

    (a) The trustee percentage fee as set by the United States Trustee.

    (b) The monthly payments will be made on the following long-term debts: (Payments which become due after the filing of the petition but before the month of the first payment designated here will be added to the pre-petition arrearage claim.)

    | CREDITOR | MONTH OF FIRST PAYMENT UNDER PLAN | MONTHLY PAYMENT AMOUNT |
    |---|---|---|
    | **JP Morgan Chase** | **February, 2010** | **$1,370.58** |

    (c) Pre-confirmation adequate protection payments will be made to the following secured creditors and holders of executory contracts after the filing of a proof of claim by the creditor. These payments will be applied to reduce the principal of the claim.

    | CREDITOR | ADEQUATE PROTECTION AMOUNT |
    |---|---|
    | **Brand Banking Co.** | **$200.00 per month** |

    (d) After confirmation of the plan, the secured creditors with allowed claims will be paid as follows:

    | CREDITOR | AMT. DUE | VALUE | INT. RATE | COLLATERAL | MONTHLY PAYMENT AMT. |
    |---|---|---|---|---|---|
    | **Brand Banking Co.** | **$10,065.00** | **Debt Amt.** | **8%** | **2005 Buick Rendezvous** | **$350.00** |

(e) Attorney fees ordered pursuant to *11 U.S.C. §507(a)(2)* of **$2,500.00**, or such other amount as approved by the Court, to be paid under the terms set forth in Administrative Order dated and entered August 17, 2007, U.S. Bankruptcy Court, Middle District of Georgia.

(f) After the above are paid, distributions will be made to cure arrearages and other secured debts whose claims are duly proven and allowed as follows:

| CREDITOR | ESTIMATED AMOUNT DUE | VALUE | INTEREST RATE | COLLATERAL |
|---|---|---|---|---|
| **JP Morgan Chase** | **$8,500.00** | Arrearage | 0% | 1st LienResidence |
| **Wachovia Bank** | **$1,860.00** | Arrearage | 0% | 2nd LienResidence |

(g) The following collateral is surrendered to the creditor: **NONE**.

(h) The following domestic support obligations will be paid over the life of the plan as follows: **NONE**

(i) The following unsecured claims are classified to be paid at 100%. These payments will/will not be made simultaneously with payment of the secured debt: **NONE**.

(j) All other *11 U.S.C. §507* priority claims, unless already listed under 2(h), will be paid in full over the life of the plan as funds become available in the order specified by law.

(k) The debtor(s) will be the disbursing agent on the following debts: **Wachovia Bank to be paid directly on debt secured by 2nd Lien on Residence.**

(l) <u>Special provisions</u>: **NONE**.

(m) General unsecured creditors whose claims are duly proven and allowed will be paid as follows:

Debtors will make payments for **60 months** and anticipates a dividend of **approximately 30%**.

Date: 12/29/09

CHRISTOPHER J. LIKEN
Attorney for Debtors